```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

        -against-                          MEMORANDUM OF LAW
                                           IN OPPOSITION TO
                                           IN LIMINE MOTION

CARLOS PEGUERO,                            06 CR 01155 (NSR)
                     Defendant.

------------------------------------X
```

Defendant Carlos Peguero respectfully submits this Memorandum of law in opposition to the Government's Motion *In Limine*. The Government is seeking a Court ruling allowing them to admit the out of court witness oral and written statements of Johanna Dixon at a supervised release revocation hearing in lieu of requiring her in court testimony. Based upon the plain language of Federal Rule of Criminal Procedure 32.1(b)(2)(c) as well as a proper application of the balancing test set forth in cases construing this statute, in order to insure that Mr. Peguero is accorded his due process rights at the scheduled hearing, the Court should deny the Government's in limine motion.

## Procedural Background

Mr. Peguero was convicted on a guilty plea to armed bank robbery and conspiracy in September 2007 for which he received a sentence of 8 years and 4 months followed by a period of 5 years supervised release. He completed his prison sentence. His term of

1

supervised release was extended for 2 additional 2 year terms because of revocations due to various state crime arrests. He also served an additional period of 8 months incarceration on the first revocation finding. His most recent term of supervised release commenced on June 7, 2018 and expired over three months ago on June 6, 2020.

In July 2019 Mr. Peguero was again charged with multiple specifications for violating the terms of his supervised release, primarily based upon various state arrests. On June 2, 2020 he was remanded on the violation petition which presently as amended includes 22 violation specifications. On July 16, 2020 Mr. Peguero admitted his guilt to 7 separate violation specifications. His resentencing has been adjourned pending resolution of the contested violation specifications.

The violation specifications at issue which are the subject of the scheduled hearing include specifications 4-5 involving a state domestic violence arrest in Fishkill, New York (May 12, 2019), prosecuted by the Dutchess County District Attorney and specifications 7-10 involving a separate state domestic violence arrest in Yonkers, New York (September 3, 2019), prosecuted by the Westchester County District Attorney. Both matters involve the same complainant, Johanna Dixon.

While the supervised violation petition was pending both the Fishkill and Yonkers cases were prosecuted in state criminal

2

courts and scheduled for trial. The Fishkill case was reduced from a felony to a misdemeanor assault. Ultimately after a period of many months these state charges were all dismissed.

Notwithstanding the fact that these domestic violence charges have all been dismissed in state Court and that Mr. Peguero's violation of the terms of Supervised release has already been established by defendant's admission of multiple violation specifications including a state felony conviction, and that neither probation nor the Government are seeking a resentence that will include an additional period of supervision, the Government is still seeking a hearing on the specifications related to the dismissed criminal charges. Further, they are seeking a ruling by the Court allowing them to conduct this hearing without calling the primary witness to these allegations, Johanna Dixon.

## Applicable Law

A defendant involved in a revocation proceeding is entitled to certain minimal due process requirements. Morrissey v. Brewer, 408 U.S. 471 (1972) (Parole Revocation); Gagdon v. Scarpelli, 411 U.S. 778 (1973) (Probation Revocation). Federal Rules of Criminal Procedure 32.1, which applies to supervised release revocation, incorporates these same minimal due process requirements.

Federal Rule of Criminal Procedure 32.1(b)(2)(C) provides that at a revocation hearing the accused is entitled to "an

opportunity to appear, present evidence <u>and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear</u>." Although courts in construing this section have held that an accused right of confrontation is not absolute, the cases hold that the District Judge, in exercising discretion must apply a balancing analysis.

In U.S. v. Chin, 224 F.3d 121, 124 (2nd Cir. 2000) this court held that "... the district court must balance the defendant's right of confrontation with the government's grounds for not allowing confrontation, and with the reliability of the evidence offered by the government." (citations omitted). As described in U.S. v. Williams, 443 F.3d 35 (2nd Cir. 2006), the court must balance, on the one hand, the defendant's interest in confronting the declarant against, on the other hand, the government's reasons for not producing the witness and the reliability of the proffered hearsay.

The appellate court in affirming the judgment and rejecting Chin's claim of a violation of his right of confrontation noted the district judge's finding that " ... in light of the government's showing of good cause why the complaining witness could not be produced ... the admission of the police officer's testimony did not violate Chin's confrontation rights."

Circuit courts throughout the country have consistently held that, in the context of supervised release violation hearings, the failure to weigh the releasee's right of confrontation

4

against the Government's "good cause" for denying it constituted error.  See, U.S. v. Comito, 177 F.3d 1166 (9th Cir. 1999)(reversing lower court's revocation of supervised release where the hearsay consisted of unsworn verbal allegations and the government failed to offer any evidence supporting the proffered reason for the declarant's absence); U.S. v. Reynolds, 49 F.3d 423, 426 (8th Cir. 1995) (reversing lower court's revocation of supervised release based on lower court's failure to balance releasee's "right to confrontation against the government's asserted reason for not calling any complainant"); U.S. v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994)(holding that lower court's failure to "weigh Frazier's right of confrontation against the government's reasons for not producing the witness" violated his due process rights).

In Chin, as in the subject case, a basis for the revocation was an allegation that the defendant committed a state crime, the assault of a female. The government sought to prove the violation without calling the assault victim. The court allowed the hearsay evidence, but only after "engaging in a proper balancing analysis." The government presented evidence that they made a good faith effort to provide for confrontation; that in preparation for the hearing they made numerous attempts to locate the complaining witness and secure her testimony but were unsuccessful.

5

Argument

The Court should deny the application as a matter of discretion under Federal Rule of Criminal Procedure 32.1(b)(2). In the context of this case there is no good cause to excuse the testimony of Johanna Dixon. The minimum requirements of due process as well as the interest of justice mandate that Mr. Peguero should have the opportunity to question Ms. Dixon as an adverse witness and there is no good cause for the Court to excuse her testimony in the interest of justice.

(1) Johanna Dixon has been located and can be produced as a witness.

The Government has not proffered facts establishing the unavailability of Ms. Dixon as a complaining witness. As distinguished from the Chin case, Ms. Dixon was in communication with both State prosecution offices and as recently as September 17, 2020 spoke to a Fishkill police officer. She clearly does not wish to testify against her former boyfriend (see attached letter received by both the Westchester and Dutchess County District Attorney offices marked as exhibit A). However, any allegation that Ms. Dixon is fearful of Mr. Peguero is mere conjecture and speculation. She indicates in her letter that she is not being forced and harassed in her choice. In fact, as reported by the Government, she advised Fishkill Detective Carl Demarco recently that she is not fearful of Carlos Peguero.

Rather, she expressed concerns about lingering medical problems if she had to testify. While Ms. Dixon clearly does not wish to testify there is no indication that she has been subpoenaed or would not comply with a subpoena.

(2) The Proffered evidence which the Government wishes to utilize as a substitute for Ms. Dixon's in Court testimony is inherently unreliable and incomplete.

Police reports, police recollection of a complainants oral statement, written depositions, even 911 calls are inherently unreliable and incomplete and, in a Court proceeding, no substitute for the testimony of a live witness under oath subject to cross examination. These is a clearly the case where we are dealing with an interested witness such as Ms. Dixon.

The Court as the trier of fact in a revocation hearing should have the opportunity to observe Ms. Dixon's testimony in person in order to assess her credibility and make proper findings of fact.

There are many material areas that the defense would wish to cross-examine Ms. Dixon so that the Court can make a proper evaluation of the reliability and credibility of her testimony. This will not occur if the Court grants the Government's motion.

My way of example, the Fishkill incident began when Ms. Dixon was checking the contents of Mr. Peguero's phone and confronting him with allegations of infidelity which clearly made

her angry. I would want to cross-examine her about her mistrust, anger and bias towards Mr. Peguero and whether that would cause her to fabricate and or exaggerate allegations against her former boyfriend.

There are also inconsistencies between the various oral and written statements of Ms. Dixon with reference to the Fishkill incident. In her initial statements she makes no mention that Mr. Peguero used a glass bottle to assault her. I would want to cross-examine her regarding these material inconsistencies.

Another area of cross-examination is whether Ms. Dixon possessed and brandished a weapon in connection with the Fishkill incident, and if so, why she failed to mention this in her deposition and DIR. She does not mention possessing or using a weapon in any of the Government's proffered statements, but the deposition of a witness with name redacted provided in discovery reference the observation of Ms. Dixon holding a scissors.

Further with respect to the Yonkers incident, I would want to cross-examine Ms. Dixon regarding the circumstances of the order of protection and the motivation for her to travel from Fishkill to Mr. Peguero's mother's Yonkers residence, knowing there was a Court order that barred her and Mr. Peguero from having any contact with each other.

These are just some potential areas of inquiry. Her credibility is at issue such that due process and the interest of

8

justice would require her to appear in person and be subject to cross-examination as a matter of fundamental fairness. In summary, under a proper balancing analysis, allowing the Government to prove Ms. Dixon's allegations without requiring her to testify in the circumstances of this case would constitute a violation of Mr. Peguero's due process rights.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Government's in limine application except to the extent consented to by defendant and grant such other and further relief as to the Court may seem just and appropriate under the circumstances of this case.

Dated:  Port Chester, New York
        September 20, 2020

Respectfully submitted,

/S/ Joseph A. Vita

Joseph A. Vita, Esq.
Attorney for Carlos Peguero
327 Irving Ave.
Port Chester, NY 10573
914-939-5401

# EXHIBIT A

**Johanna Dixon**

~~[redacted address]~~
~~[redacted]~~
(845) 391-7107
~~[redacted email]~~

October 28, 2019

To who it may concern,

I Johanna Dixon voluntary would like to drop all domestic violence charges against Carlos Peguero. I am not being forced or harassed on my decision making. I would like my request to the courts to be uninvolved with further proceeding. If you have any questions or concerns please feel free to contact me, thank you for your time and understanding.

Sincerely,

*Johanna Dixon*

Johanna Dixon

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 28 DAY OF Oct, 2019.
BY Johanna Dixon

NOTARY PUBLIC

TINA DAMELIA
Notary Public - State of New York
NO. 01DA6008260
Qualified in Dutchess County
My Commission Expires 6/8/22

## Viviano, Michael

**From:** Whelan, Kristine
**Sent:** Wednesday, November 13, 2019 11:46 AM
**To:** Viviano, Michael
**Subject:** Johanna Dixon

KMW and MCV spoke with cw on speaker. She confirmed she sent the letter to drop charges and affirmatively stated she will not participate at all in this prosecution. She stated she is moving out of state and wants nothing more to do with these cases. I told her that the cases may be dismissed today and she stated that's fine. I also asked if she is connected with services and she said that she is.

KRISTINE M. WHELAN
Bureau Chief
Dutchess County District Attorney's Office
236 Main Street
Poughkeepsie, NY 12601
845-486-2300